IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-006 |
| | ) | |
| JUAN CARLOS ARMENTA-GARCIA | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant with written reports from the Office of Inspector General, Department of Justice, and Laurens County Sheriff's Office, excepting attorney and agent work product and personal data redacted. (Doc. no. 47, p. 1.) All known statements by Defendant, as well as his criminal record, and the grand jury transcript in the case have also been provided. (Id. at 1, 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the government is **INSTRUCTED** to provide Jencks Act material fourteen days prior to trial. (Doc. no. 34.)

## MOTION FOR DISCLOSURE OF NAMES AND CRIMINAL RECORDS OF WITNESSES

Defendant requests that the government be ordered to furnish the names and criminal records of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** the motion for a witness list. (Doc. no. 35-1.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and

because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). However, this right is not unlimited. Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft. 4-608 Weinstein's Federal Evidence § 608.22. Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609. (Doc. no. 47, pp. 2, 6.) Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, the Court **DENIES** Defendant's request for disclosure of prior crimes of witnesses. (Doc. no. 35-2.)

3

## MOTION FOR DISCLOSURE OF
## EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 36.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE
## INTENTION TO RELY UPON OTHER CRIMES EVIDENCE
## PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). This motion is **MOOT** (doc. no. 37) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

## MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS

Defendant moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on defendants and witnesses. To the extent that Defendant is requesting information under Fed. R. Crim. P. 16(a)(1)(F) and (G), the government will be disclosing this information through its liberal

4

discovery policy. Indeed, the government states that the results of any scientific tests have been provided, and if any additional tests are conducted in the future, the results will be provided upon receipt. (Doc. no. 47, p. 2.) To the extent that Defendant requests information beyond Rule 16(a)(1), the motion is **DENIED**. (Doc. no. 38.)

## **MOTION FOR PRODUCTION OF STATEMENTS OF PERSONS NOT CALLED AS WITNESSES**

Defendant seeks information concerning the existence and identification of potential government witnesses that testified before any court, grand jury or other tribunal body, as well as concerning the names, addresses, telephone numbers, or any criminal records of those persons who may have some knowledge of the facts of this case, but will not testify. Federal Rule of Criminal Procedure 16(a)(1)(E) provides that a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Rule 16(a)(2) prevents the discovery or inspection of statements made by a prospective government witness unless such witness will testify at trial, in which case the statements are discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d

5

1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and no showing of materiality is made, they are not discoverable at all, and therefore the Court **DENIES** the instant request. (Doc. no. 39.)

**MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS**

In light of the government's liberal discovery policy and its disclosure that all known statements by Defendant have been produced (doc. no. 47, p. 2), the request for the production of Defendant's own statements is **MOOT**. (Doc. no. 40.)

SO ORDERED this 8th day of September, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA